1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8   DAVID AUGUST KILLE, SR.,              Case No. 2:17-cv-01805-RFB-NJK

9
          *Petitioner*,                            **ORDER**
10
    vs.
11
12  JAMES DZURENDA, *et al.,*

13          *Respondents*.

14

15          This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's

16  application (ECF No. 1) to proceed *in forma pauperis*, on his motion (ECF No. 3) to raise his

17  legal copy credit limit, and for initial review under the Rules Governing Section 2254 Cases

18  (the "Habeas Rules").  Petitioner has paid the filing fee, and the Court therefore will deny the

19  pauper application as moot and proceed to initial review.

20          On initial review, the papers presented are subject to multiple deficiencies.

21          First, petitioner did not name the proper respondent.  He must name his immediate

22  physical custodian, the warden of the institution in which he is held, as respondent rather than

23  a remote supervisory official such as the state corrections department director.  *See* Habeas

24  Rule 2(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-42 (2004).  The fact that petitioner is

25  challenging his sentence calculation does not lead to a different conclusion.  Regardless of

26  the target of petitioner's challenge, if he is in physical custody and is challenging the validity

27  or duration of that confinement, he must name as respondent his immediate custodian.  *See*

28  *generally* 1976 Advisory Committee Notes to Habeas Rule 2(a) & (b).

Second, under Local Rule LSR 3-1, petitioner must file his petition on the Court's required § 2254 petition form. Petitioner instead used a page from some other form as a cover page for what otherwise was a completely handwritten petition. Petitioner instead must use the Court's form, the entirety of that form, and only that form to state his claims. The fact that petitioner is challenging his sentence calculation once again does not lead to a different conclusion. Section 2254 is the exclusive vehicle for bringing a habeas petition by an inmate in custody under a state court judgment of conviction, without regard to the target of the petition. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner accordingly must use the Court's required § 2254 form.

Third, the petition is not verified. As reflected by the required form, petitioner must both sign the petition and separately verify the allegations of the pleading pursuant to a declaration under penalty of perjury. The declaration submitted with the current petition verifies that the assertions in the certificate of service are true and correct. (ECF No. 1-1, at 19.) Petitioner instead must verify that the allegations in the petition are true and correct.

Fourth, under the instructions on page 1 of the required form, petitioner must attach a copy of all state court written decisions in connection with his challenge. While petitioner attached copies of other materials, he did not attach copies of the state court decisions on his claims. Moreover, the Court further will require that petitioner attach copies of his filings presenting his claims to the state district court and state appellate courts so that the Court can assess whether the federal claims herein have been exhausted.

Petitioner's motion (ECF No. 3) to raise his legal copy credit limit will be denied on the showing made. Petitioner did not attach any documentation confirming that his legal copy credit limit currently has been exceeded. Petitioner has made numerous lengthy filings in a number of recent cases despite any alleged copy credit limitations. Finally, the Court does not grant requests for an open-ended blanket increase in an inmate's copy credit limit, as opposed to a specified sum to cover specified needs.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is DENIED as moot, following upon the payment of the filing fee.

1    IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that

2    petitioner shall have sixty (60) days from entry of this order within which to file an amended

3    petition on the Court's required form that is both signed and verified.  If petitioner fails to timely

4    do so, this action will be dismissed without further advance notice for failure to comply with

5    the local rules and orders of the Court.

6    IT FURTHER IS ORDERED that petitioner shall attach with the amended petition

7    copies of: (a) all state court decisions addressing his claims; and (b) all filings presenting his

8    claims to the state district court and state appellate courts.

9    IT FURTHER IS ORDERED that petitioner's motion (ECF No. 3) to raise his legal copy

10   credit limit is DENIED on the showing made.

11   The Clerk of Court shall send petitioner two copies each of petitioner's original petition

12   and a noncapital § 2254 petition form, along with one copy of the instructions for the form.

13   DATED: March 13, 2018.

14

15

16   RICHARD F. BOULWARE, II
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28