UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID AUGUST KILLE, SR., | Case No. 2:17-cv-01805-RFB-NJK |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This *pro se* amended habeas petition (ECF No. 7) comes before the Court for consideration of the respondents' combined motion to dismiss and answer (ECF No. 14 & 20). Petitioner has replied (ECF No. 21).

Petitioner challenges the Nevada Department of Corrections' ("NDOC") refusal to grant him educational time credits for obtaining his G.E.D. and high school diploma while incarcerated. Respondents argue that petitioner's claims are not cognizable or do not state a claim and further that they are unexhausted. Respondents argue that even if the claims are cognizable and exhausted, they fail on the merits because petitioner had already obtained an associate degree by the time he was incarcerated and under pertinent regulations he could not earn credits for degrees below that, including a G.E.D. and a high school diploma.

The Court disagrees that petitioner has not asserted any cognizable claims. Petitioner asserts that his Fifth, Eighth and Fourteenth Amendment rights to due process, against cruel and unusual punishment, and to equal protection have been violated by NDOC's refusal to grant him the educational credits for his G.E.D. and his high school diploma. (ECF No. 7 at 6-8). These are viable federal claims. Although these claims involve to some extent state law, that does not render these claims non-cognizable as a matter of federal constitutional law. In fact, the state law on which petitioner bases his claims is a relevant factor in determining whether he has a protectible

liberty or property interest to the credits he claims he is entitled to. The motion to dismiss the petitioner's claims as non-cognizable or for failure to state a claim will therefore be denied.

Turning to the question of exhaustion, under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle her to relief on that federal claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Again, petitioner asserts violations of his Fifth, Eighth and Fourteenth Amendment rights to due process, against cruel and unusual punishment, and to equal protection. (ECF No. 7 at 6-8). However, although petitioner raised many of these claims in his state court petition, he raised none of these claims on appeal. (Ex. 57). Nor did the Nevada Court of Appeals decide petitioners' appeal on constitutional grounds – federal or otherwise.[1] (Ex. 60). Accordingly, the federal claims petitioner here asserts have not been fairly presented to the state's highest courts. The petition is unexhausted in its entirety.

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 14) is DENIED IN PART and GRANTED IN PART. It is denied

---

[1] While petitioner invoked the Fourteenth Amendment Equal Protection Clause in his motion for rehearing, (Ex. 61 at 5), the Nevada Court of Appeals denied rehearing without comment, (Ex. 62). Nevada appellate rules do not permit assertion of new arguments when seeking rehearing. Nev. R. App. P. 40(c)(1). Thus, petitioner's invocation of a federal constitutional guarantee in this manner did not exhaust any federal claim. *See Casey v. Moore*, 386 F.3d 896, 917–18 (9th Cir. 2004) (discussing *Greene v. Lambert*, 288 F.3d 1081, 1087 & n.2 (9th Cir. 2002) and *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)).

insofar as respondents argue the petitioner presents no cognizable or viable claims.  It is granted insofar as respondents argue the petition is unexhausted.

IT IS FURTHER ORDERED that, within thirty days of the date of this order, petitioner will either (1) move to dismiss the petition without prejudice or (2) file a motion for other appropriate relief, including potentially a motion to stay and abey. Failure to comply with this order will result in the dismissal of the petition without prejudice and without further advance notice.

DATED: May 13, 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE