UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID AUGUST KILLE, SR., | Case No. 2:17-cv-01805-RFB-NJK |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This *pro se* habeas petition comes before the Court on petitioner's motion for reconsideration. (ECF No. 24). Respondents have opposed (ECF No. 25). Petitioner has not replied, and the time for doing so has expired.

Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

In its order of May 13, 2019, the Court found that petitioner failed to exhaust any of his claims before the state's highest court. (*See* ECF No. 23; Ex. 57). In moving for reconsideration, petitioner argues that he cited a plethora of federal cases in his appellate brief to the Nevada

Supreme Court and because citation to federal cases is sufficient to exhaust claims, he in fact did exhaust his claims. Petitioner's argument is without merit.

While petitioner did cite many federal cases in his appellate brief to the Nevada Supreme Court, not one involved any of the claims presented in the instant federal habeas petition, that is, a claim of due process, equal protection, or cruel and unusual punishment. (ECF No. 7 at 6-8); *see King Cty. v. Travelers Indem. Co.*, No. C14-1957 MJP, 2015 WL 1867098 (W.D. Wash. Apr. 23, 2015); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013); *Hillman v. Maretta*, 569 U.S. 483 (2013); *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320 (2006); *Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ.*, 550 U.S. 81 (2007); *In re First T.D. & Inv., Inc.*, 253 F.3d' 520, 524 (9th Cir. 2001); *In re Weilet*, 530 B.R. 830 (Bankr. E.D. Cal. 2015); *Lamie v. U.S. Tr.*, 540 U.S. 526 (2004); *Andrus v. Glover Const. Co.*, 446 U.S. 608 (1980); *Pac Re 5-AT v. Amtrust N. Am., Inc.*, No. CV-14-131-BLG-CSO, 2015 WL 2383406 (D. Mont. May 13, 2015); *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302 (2014); *Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316 (1999) (cited in order cited in petitioner's state appellate brief). Rather all were cited in connection with petitioner's arguments on statutory interpretation. As respondents correctly argue, while citation of federal cases can serve to exhaust a claim, the federal case must pertain to the claim petitioner seeks to exhaust. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) ("[C]itation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement.") As none of the federal cases petitioner cited pertained to the claims he raises here, citation of those cases did not exhaust petitioner's claims in this matter.

There being no other basis for reconsideration offered and the only basis offered being without merit, the motion for reconsideration will be denied.

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that petitioner will have fifteen days from the date of entry of this order to elect how he would like to proceed on his unexhausted petition in accordance with

the Court's order of May 13, 2019.  Failure to do so will result in the dismissal of the unexhausted petition without prejudice and without further advance notice.

DATED this 3rd day of July, 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE