UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID AUGUST KILLE, SR., | Case No. 2:17-cv-01805-RFB-NJK |
| Petitioner, | |
| v. | **ORDER** |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This *pro se* habeas matter comes before the Court on Petitioner David August Kille, Sr.'s Motion for Stay and Abeyance (ECF No. 27). Respondents do not oppose (ECF No. 28).

Kille challenges the Nevada Department of Corrections' ("NDOC") refusal to grant him educational time credits for obtaining his G.E.D. and high school diploma while incarcerated. The Amended Petition (ECF No. 7) alleges two claims asserting that NDOC violated Kille's Fifth, Eighth and Fourteenth Amendment rights to due process, against cruel and unusual punishment, and to equal protection. On May 13, 2019, the Court granted in part and denied in part Respondents' motion to dismiss, finding that Kille's petition was unexhausted in its entirety. (ECF No. 23.) The Court ordered that within 30 days, Kille "will either (1) move to dismiss the petition without prejudice or (2) file a motion for other appropriate relief, including potentially a motion to stay and abey." (*Id.* at 3.) Kille now seeks a stay and abeyance as well as the appointment of counsel.

I. **KILLE'S MOTION FOR STAY AND ABEYANCE**

A federal court cannot grant a state prisoner's petition for writ of habeas corpus unless the petitioner has fully exhausted available state court remedies for each of the issues presented, or the State has expressly waived the exhaustion issue. 28 U.S.C. § 2254(b),(c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). In general, a federal district court must dismiss an unexhausted petition without prejudice. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (noting that the Supreme

1

Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

A district court is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

This Court has declined to prescribe the strictest possible standard for issuance of a stay. *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Ineffective assistance of post-conviction counsel or a lack of counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause") (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the

finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

Here, Kille has failed to provide any justification for a stay and abeyance. He requests the stay "so that he may attempt to exhaust his due process, equal protection, and his cruel and unusual punishment claims in the Nevada Supreme Court." (ECF No. 27 at 2.) This statement merely reflects the Court's prior holding that his claims are not exhausted. Kille's statement does not in any sense demonstrate good cause for his failure to exhaust the claims. Kille also fails to address the second and third *Rhines* factors—he must demonstrate that his unexhausted claims are potentially meritorious and he has not intentionally engaged in dilatory litigation tactics. If the Court granted a stay based upon a nonexistent showing, it would be applying the *Rhines* test in a manner that rendered stay orders not only routine but automatic, which would undermine the goals of AEDPA and run afoul of *Rhines*' instruction that a stay and abeyance is only appropriate in limited circumstances. *See Wooten*, 540 F.3d at 1024. Because Kille did not address the requirements for a *Rhines* stay, his motion will be denied without prejudice. He may renew the motion within 30 days, or his petition will be dismissed without prejudice as wholly unexhausted.

## II. REQUEST FOR APPOINTMENT OF COUNSEL

A note in Kille's motion asks this Court to appoint counsel. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *McClasky v. Zant*, 499 U.S. 467, 495 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.")). However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). Federal courts have discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006A(a)(2); *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in habeas proceedings is addressed to the sound discretion of the district court. *Id*. (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)). When a habeas corpus petitioner has a good

understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is required. *LaMere*, 827 F.2d at 626.

In this case, the Court finds that the interests of justice do not require the appointment of counsel. Kille has demonstrated that he can coherently present his claims without counsel, and his claims are not particularly complex. Indeed, Kille has managed to file an application to proceed *in forma pauperis*, several motions, and an amended habeas petition all without the assistance of counsel. The Court will therefore deny Kille's request.

**IT IS THEREFORE ORDERED:**

1. Petitioner David August Kille, Sr.'s Motion for Stay and Abeyance (ECF No. 27) and request for counsel are **DENIED WITHOUT PREJUDICE**.

2. Petitioner will have 30 days from the date of entry of this order to renew his motion or seek other appropriate relief in accordance with the Court's May 13, 2019 Order (ECF No. 23). Failure to do so will result in the dismissal of the unexhausted petition without prejudice and without further advance notice.

DATED this 6th day of September, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE